**Case No. 25-14218-B**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

WAYNE LYLE, ET AL., Appellant

v.

FULCRUM LOAN HOLDINGS, LLC, ET AL., Appellees

Appeal from the United States District Court
for the Northern District of Georgia
Atlanta Division
Case No. 1:25-cv-06428-TRH

---

**RESPONSE BY BAY POINT CAPITAL PARTNERS II, LP
TO JURISDICTIONAL QUESTION**

John C. Allerding
Austin B. Alexander
THOMPSON HINE LLP
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
T: 404-541-2900 / F: 404-541-2905
John.Allerding@ThompsonHine.com
Austin.Alexander@ThompsonHine.com

Alan R. Lepene
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
T: 216.566.5520 / F: 216.566.5800
Alan.Lepene@ThompsonHine.com

Counsel for Bay Point Capital Partners II, LP

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................... i

TABLE OF AUTHORITIES .............................................................................. ii

RESPONSE.......................................................................................................2

CONCLUSION .................................................................................................6

CERTIFICATE OF COMPLIANCE...............................................................8

CERTIFICATE OF SERVICE .........................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acheron Cap., Ltd. v. Mukamal as Tr. of Mut. Benefits Keep Pol'y Tr.*,
22 F.4th 979 (11th Cir. 2022) ..................................................................5

*Atl. Fed. Sav. & Loan Ass'n of Fort Lauderdale v. Blythe Eastman
Paine Webber, Inc.*, 890 F.2d 371 (11th Cir. 1989) ............................3

*Barben v. Donovan (In re Donovan)*, 532 F.3d 1134 (11th Cir. 2008) ....................3

*Catlin v. United States*, 324 U.S. 229 (1945) ........................................3

*Doe v. Atlanta Ctr. For Self Sufficiency, Inc.*, No. 18-14505-CC, 2019
U.S. App. LEXIS 1244 (11th Cir. Jan. 14, 2019)..................................4

*Esteva v. Ubs Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664 (11th Cir.
2023) ..................................................................................2, 3, 4, 5

*First Union Real Estate Equity & Mortg. Invs. v. Club Assocs. (In re
Club Assocs.)*, 956 F.2d 1065 (11th Cir. 1992) ....................................6

*Gillespie v. U.S. Steel Corp.*, 379 U.S. 148 (1964) ................................5

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271
(1988) .....................................................................................3

*Lashley v. First Nat'l Bank of Live Oak (In re Lashley)*, 825 F.2d 362
(11th Cir. 1987)..........................................................................6

*Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House)*, 60 F.3d 724
(11th Cir. 1995)....................................................................2, 4, 5

*Mich. State Univ. v. Asbestos Settlement Trust (In re Celotex Corp.)*,
700 F.3d 1262 (11th Cir. 2012) .......................................................3

*Myers v. City of Naples*, No. 24-12454, 2024 U.S. App. LEXIS 28295
(11th Cir. Nov. 7, 2024) ................................................................4

*Plaintiff A v. Schair*, 744 F.3d 1247 (11th Cir. 2014) ..........................3, 4

*SEC v. Mut. Benefits Corp.*, No. 22-12216, 2022 U.S. App. LEXIS 28713 (11th Cir. Oct. 17, 2022) ...........................................................5

*Ullrich v. Welt (In re Nica Holdings, Inc.)*, 810 F.3d 781 (11th Cir. 2015) ...........................................................................................6

**Statutes**

28 U.S.C. § 1291 ......................................................................2, 3

This Court should dismiss the appeals filed by Appellants Wayne Lyle and Charles Cary (together, "Lyle and Cary") and Ronald S. Leventhal ("Leventhal" and collectively with Lyle and Cary, the "Appellants") because this Court lacks jurisdiction over the appeals.

Appellants' appeals to this Court arise from entry of an order of the United States District Court for the Northern District of Georgia ("District Court") denying Appellants' requests to stay the auction sale of certain estate assets pursuant to a confirmed plan of reorganization proposed by Bay Point Capital Partners II, LP ("Bay Point"), pending resolution by the District Court of Appellants' appeals of the plan confirmation order entered by the United States Bankruptcy Court for the Northern District of Georgia ("Bankruptcy Court") in the bankruptcy of debtor Fulcrum Loan Holdings, LLC ("Fulcrum").[1] Following the District Court's denial of Appellants' request for a stay, they sought stays from this Court (*see* Docs. 3, 18), which were denied (*see* Docs. 15, 19).

On January 2, 2026, the Court raised a Jurisdictional Question, directing the parties to "address the nature of this Court's jurisdiction over this appeal and whether the appeal is moot." (Doc. 26). On January 12, 2026, Lyle and Cary advised the

---

[1] A further description of the relevant factual background and proceedings below is included in the *Response by Bay Point Capital Partners II, LP to Emergency Motion to Stay Bankruptcy Sale* filed in these appeals on December 12, 2025. (*See* Doc. 9, pp. 3-7).

Court they had "reviewed the issues requested and believe that . . . their specific appeal to this Court is now moot and that this Court no longer has jurisdiction over this matter as, among other things, it was premised on an interim order and sought to stay an auction that has now happened." (Doc. 36, p. 2). Lyle and Cary further requested a dismissal of their appeal without prejudice. (*Id.*).

## **RESPONSE**

Having reviewed the issues requested and case law identified by the Court, Bay Point agrees with Lyle and Cary and believes that this Court lacks jurisdiction over the appeals filed by Appellants. In general, this Court's jurisdiction is limited to "final decisions" from a district court. *See* 28 U.S.C. § 1291. However, "[n]otwithstanding the lack of finality of an order, [the Court] may still review [an order] if the order falls within one of three recognized exceptions to the final judgment rule[:]" (i) the collateral order doctrine, (ii) the practical finality doctrine, or (iii) the marginal finality doctrine. *Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House)*, 60 F.3d 724, 726-27 (11th Cir. 1995); *Esteva v. Ubs Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664, 672 (11th Cir. 2023).

Here, Appellants have appealed from the District Court's order denying their "emergency motions to stay a sale auction pending the appeal of a Confirmation Order in a Chapter 11 bankruptcy proceeding." (*See* Doc. 1, p. 8). The District

Court's order is clearly interlocutory, and does not meet any of the three exceptions that would confer on this Court jurisdiction over these appeals.

First, there is no question the District Court's order is not final. "A final judgment or order is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Mich. State Univ. v. Asbestos Settlement Trust (In re Celotex Corp.)*, 700 F.3d 1262, 1265 (11th Cir. 2012) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). This Court has previously "explained that 'to be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.'" *Id.* (quoting *Barben v. Donovan (In re Donovan)*, 532 F.3d 1134, 1136-37 (11th Cir. 2008)). This Court has "repeatedly . . . stated the usual rule that the denial of a motion to stay is not a final decision that is appealable under" 28 U.S.C. § 1291. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252 (11th Cir. 2014); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 288 (1988) (same).

Second, the collateral order doctrine does not apply. "[T]he collateral order doctrine, 'permits review of an interlocutory order if it involves a separable claim that has been conclusively determined and is collateral to the merits, too important to be denied review, and too independent of the merits to defer review until a final decision has been rendered.'" *In re Esteva*, 60 F.4th at 672 (quoting *Atl. Fed. Sav. & Loan Ass'n of Fort Lauderdale v. Blythe Eastman Paine Webber, Inc.*, 890 F.2d

371, 376 (11th Cir. 1989)); *see also Schair*, 744 F.3d at 1252-53 (discussing three-part test for collateral order doctrine). Generally, the denial of a motion to stay "is not immediately appealable under the collateral order doctrine." *Doe v. Atlanta Ctr. For Self Sufficiency, Inc.*, No. 18-14505-CC, 2019 U.S. App. LEXIS 1244, at \*3 (11th Cir. Jan. 14, 2019) (citing *Schair*, 744 F.3d at 1252); *Myers v. City of Naples*, No. 24-12454, 2024 U.S. App. LEXIS 28295, at \*1-2 (11th Cir. Nov. 7, 2024) (dismissing for lack of jurisdiction appeal of district court's order denying motion to stay case and compel arbitration). In this case, moreover, there is no need for further review of the District Court's order denying Appellants' request for a stay because this Court has already reviewed – and denied – their request. (*See* Docs. 15, 19).

Third, the practical finality doctrine does not apply. This doctrine permits review of "an interlocutory order that 'decides the right to the property in contest, and directs it to be immediately delivered up by the defendant to the complainant.'" *In re Esteva*, 60 F.4th at 673 (quoting *In re F.D.R. Hickory House*, 60 F.3d at 726). Here, the District Court's order denying the stay did not decide any rights to property, but simply recognized the debtor's right to sell the property, with the rights of parties in interest attaching to the proceeds generated from the sale.

Fourth, the marginal finality doctrine does not apply. This doctrine permits immediate review of "even an order of marginal finality . . . if the question presented is fundamental to further conduct of the case." *Id.* at 672 (quoting *In re F.D.R.*

4

*Hickory House*, 60 F.3d at 727). This doctrine is the "most extreme" of the three exceptions. *See In re F.D.R. Hickory House*, 60 F.3d at 727. Its application has been "limited to cases that 'concern an unsettled issue of national significance.'" *In re Esteva*, 60 F.4th at 672 (quoting *Acheron Cap., Ltd. v. Mukamal as Tr. of Mut. Benefits Keep Pol'y Tr.*, 22 F.4th 979, 992 (11th Cir. 2022)). Setting aside whether a stay of the sale was "fundamental" to the rest of Fulcrum's bankruptcy, this appeal does not present any issues of national importance, let alone any unsettled issue at all. The District Court order resolved three issues in denying the stay: (1) the property subject to sale indisputably was property of the bankruptcy estate; (2) the Bankruptcy Court had statutory authority to release the lis pendens filed by Lyle and Cary and to order the sale of the property free and clear of liens and interests, with such liens and interests to attach to the sale proceeds; and (3) an adversary proceeding was not necessary to determine the ownership of the at issue property. (*See* Doc. 1, pp. 14-21). None of these issues are of national importance. *See also SEC v. Mut. Benefits Corp.*, No. 22-12216, 2022 U.S. App. LEXIS 28713, at *7-8 (11th Cir. Oct. 17, 2022) (noting that marginal finality doctrine has been further limited to unique facts of *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148 (1964), "about the wrongful death of a seaman").

Finally, in addition to the reasons stated above, these appeals are moot because the auction sought to be stayed has already occurred. "Equitable mootness is a

doctrine that permits courts sitting in bankruptcy appeals to dismiss challenges (typically to confirmation plans) when effective relief would be impossible." *Ullrich v. Welt (In re Nica Holdings, Inc.)*, 810 F.3d 781, 786 (11th Cir. 2015). "Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief." *First Union Real Estate Equity & Mortg. Invs. v. Club Assocs. (In re Club Assocs.)*, 956 F.2d 1065, 1069 (11th Cir. 1992). Appellants sought a stay from the District Court, which was denied, and from this Court, which was also denied, which allowed the auction to go forward. Here, because the auction sought to be stayed has occurred and Bay Point was the successful bidder at the auction, this Court cannot effectively grant relief staying that auction. *See Lashley v. First Nat'l Bank of Live Oak (In re Lashley)*, 825 F.2d 362, 364 (11th Cir. 1987) (providing that when appellant does not obtain stay pending appeal of order allowing creditor to foreclose on property, the foreclosure renders moot any appeal).[2] Therefore, these appeals are moot and should be dismissed.

## CONCLUSION

For the reasons stated herein, the Appeal should be dismissed for lack of jurisdiction and because the Appeal is moot.

---

[2] Pursuant to the confirmed plan, the auction sale of the property is subject to the Bankruptcy Court's entry of an order confirming the sale. The debtor's request to confirm the sale is currently pending in the Bankruptcy Court.

This 16th day of January 2026.

THOMPSON HINE LLP

*/s/ Alan R. Lepene*

John C. Allerding
Georgia Bar No. 952436
Austin Alexander
Georgia Bar No. 926059
THOMPSON HINE LLP
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
T: 404-541-2900 / F: 404-541-2905
John.Allerding@ThompsonHine.com
Austin.Alexander@ThompsonHine.com

Alan R. Lepene
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
T: 216.566.5520 / F: 216.566.5800
Alan.Lepene@ThompsonHine.com

Counsel for Bay Point Capital Partners II,
LP

<h1 style="text-align:center"><u>CERTIFICATE OF COMPLIANCE</u></h1>

This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,374 words. This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared in a proportionally-based typeface using Microsoft Word, 14-point Times New Roman.

This 16th day of January 2026.

THOMPSON HINE LLP

*/s/ Alan R. Lepene*
Alan R. Lepene
Alan.Lepene@ThompsonHine.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on January 16, 2026, a true and correct copy of the within and foregoing RESPONSE BY BAY POINT CAPITAL PARTNERS II, LP TO JURISDICTIONAL QUESTION was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all parties consenting to service through the Court's CM/ECF system. The undersigned counsel also certifies that a copy of the foregoing will be sent by email and U.S. Mail sent to:

| | |
|---|---|
| Ronald S. Leventhal<br>3600 Dallas Highway<br>Suite 230<br>Marietta, GA 30064<br>(770) 272-7600<br>rsl@tivoli-properties.com | Fulcrum Loan Holdings, LLC:<br>c/o Marshall Glade, Plan Administrator<br>GlassRatner<br>3445 Peachtree Road, Suite 1225<br>Atlanta, Georgia 30326<br>mglade@glassratner.com |
| Counsel to Appellants Wayne Lyle and Charles Cary: Steven G. Hall, Esq.<br>Mark Duedall, Esq.<br>Kristin S. Tucker, Esq.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.<br>Monarch Plaza, Suite 1500<br>3414 Peachtree Road, N.E.<br>Atlanta, Georgia 30326<br>shall@bakerdonelson.com<br>ktucker@bakerdonelson.com<br>mduedall@bakerdonelson.com | Office of the United States Trustee:<br>Alan Hinderleider, Esq.<br>Office of the United States Trustee<br>362 Richard B. Russell Federal Building<br>75 Ted Turner Drive, S.W.<br>Atlanta, Georgia 30303<br>alan.hinderleider@usdoj.gov |
| Counsel to Fulcrum Loan Holdings, LLC: Benjamin Keck, Esq.<br>Keck Legal, LLC<br>2801 Buford Highway NE, Suite 115 | Marshall Glade, Plan Administrator<br>GlassRatner<br>3445 Peachtree Road, Suite 1225<br>Atlanta, Georgia 30326 |

Atlanta, Georgia 30329
bkeck@kecklegal.com

This 16th day of January 2026.

THOMPSON HINE LLP

/s/ Alan R. Lepene

Alan R. Lepene
Alan.Lepene@ThompsonHine.com